IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JAN DALY | § | |
| | § | |
| V. | § | A-06-CA-223 LY |
| | § | |
| HOME DEPOT U.S.A., INC. | § | |

## AMENDED[1] REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are Defendant's Motion for Summary Judgment (Clerk's Docket No. 22), Plaintiff's Response (Clerk's Docket No. 25), and Defendant's Reply (Clerk's Docket No. 45). The Magistrate Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I. GENERAL BACKGROUND

Plaintiff Jan Daly ("Plaintiff"), a Caucasian female, was employed as a cashier for Home Depot U.S.A., Inc. ("Home Depot"), from June 2001 until she was terminated in December 2004. At the time of her termination, Plaintiff was 47 years-old. Plaintiff alleges that Home Depot discriminated against her because of her race, age and gender by denying her equal pay, transfers, promotions and terminating her. Specifically, Plaintiff alleges that the discrimination began when she was transferred to the Slaughter Lane Home Depot store in September of 2003 and placed under the supervision of Barry Marotz. Plaintiff alleges that once she was transferred to the Slaughter Lane

---

[1]The Court's previous Report & Recommendation inadvertently ended at page 15.

store, she began receiving negative performance reviews, she was denied promotions and she was denied standard scheduling requests, while other less qualified employees were granted preferential scheduling and were given promotions. Plaintiff was ultimately terminated on December 23, 2004, for insubordination. Defendant contends that Plaintiff was terminated not because of her race, gender or age, but because of flagrant insubordination, namely repeatedly disregarding her manager's instructions to leave her register light on and check out customers. Plaintiff contends that Defendant's decision to terminate her was not based on legitimate performance concerns, but instead was motivated by Plaintiff's age, gender, and race.

On March 6, 2006, Plaintiff filed the instant employment discrimination suit against Home Depot in state court, alleging discrimination claims under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq., 42 U.S.C. § 1981, 29 U.S.C. § 623 and the Texas Labor Code § 21.051. On March 28, 2006, Defendant removed this case to Federal Court on the bases of federal question jurisdiction and diversity jurisdiction pursuant to 28 U.S.C. § 1331 and § 1332(a). On January 23, 2007, the District Court referred this case to the instant Magistrate Judge for resolution and Report & Recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

On April 27, 2007, Defendant filed the instant Motion for Summary Judgment arguing that it is entitled to summary judgment on all of Plaintiff's claims of discrimination. In response to Defendant's Motion for Summary Judgment, Plaintiff filed a Response in Opposition to Defendant's Motion for Summary Judgment on May 8, 2007. In her Response, Plaintiff refers to an Appendix of evidence (a summary of facts, supporting affidavits, deposition testimony, and documents) purporting

to support her claims of discrimination. *See* Response at p. 2. The Appendix, however, was never filed. Shortly thereafter, Plaintiff's attorney, Nathan Coburn, unexpectedly passed away. Upon notice of this event, on May 25, 2007, the Court granted Defendant's request to temporarily stay the case until the Plaintiff could obtain new representation. *See* Clerk's Docket No. 28.

On August 31, 2007, the District Court lifted the stay after John Hindera agreed to represent the Plaintiff in this case. *See* Clerk's Docket No. 40. In the Order setting the case for Final Pretrial Conference and Trial, the District Court also permitted Plaintiff to file a supplemental response to Defendant's Motion for Summary Judgment on or before October 5, 2007. *See* Clerk's Docket No. 42. On October 3, 2007, this Court granted Plaintiff's request to extend the time to file a supplemental response to November 9, 2007. *See* Clerk's Docket No. 44. Despite counsel's request to extend the time to file a supplemental response, no supplemental response or appendix to the response was ever filed.[2] Thus, Plaintiff has failed to provide the Court with any summary judgment evidence in opposition to Defendant's Motion for Summary Judgment. As discussed below, the Court finds that the Defendant is entitled to summary judgment on all of Plaintiff's claims in this case.

## II. STANDARD OF REVIEW

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact

---

[2]Plaintiff's counsel's office informed the Court that counsel did not intend to file any supplemental response.

is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Ragas*, 136 F.3d at 458. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary-judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary-judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary-judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact

issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

The Court will now apply the above-guidelines to determine whether the Motion for Summary Judgment should be granted.

### III.  ANALYSIS

**A.**  ***McDonnell Douglas* Burden Shifting**

Plaintiff has asserted age, sex and race discrimination claims under Title VII of the Civil Rights Act, 42 U.S.C. § 1981, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.,* and the Texas Commission on Human Rights Act, Tex. Labor Code Ann. §§ 21.001-21.556 ("TCHRA"). Under Title VII, an employer cannot fail or refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). Section 1981 provides that all persons shall have the same right to make and enforce contracts. 42 U.S.C. § 1981. Similar to the prohibitions of Title VII, the ADEA makes it illegal for an employer to fail or refuse to hire an individual or otherwise discriminate against an individual with respect to the terms and conditions of his employment due to his age. 29 U.S.C. § 623(a)(1).

Plaintiff's discrimination claims under Title VII, 42 U.S.C. § 1981, the ADEA, and the TCHRA will all be analyzed under the same rubric of analysis. *See Roberson v. Alltel Info. Svcs.*, 373 F.3d 647, 651 (5th Cir. 2004) (noting that Title VII, § 1981 and ADEA claims are all analyzed under

the same *McDonnell-Douglas* analytical framework); *Evans v. City of Houston*, 246 F.3d 344, 349 (5th Cir. 2001) (noting that claims of discrimination under Title VII, the ADEA, and the TCHRA are all evaluated within the same analytical framework). Because the same facts underlie all of Plaintiff's causes of action, the Court will analyze her Title VII, § 1981, ADEA, and TCHRA claims together. *Roberson*, 373 F.3d at 651.

To survive summary judgment on her discrimination claims, Plaintiff must satisfy the burden shifting test established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) and reaffirmed in *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133 (2000). Under this test, the plaintiff must first establish a *prima facie* case of discrimination. *Reeves*, 530 U.S. at 142; *Septimus v. Univ. of Houston*, 399 F.3d 601, 609 (5th Cir. 2005). If the plaintiff establishes a *prima facie* case of discrimination, then the burden shifts to the defendant to rebut plaintiff's case by articulating a legitimate, nondiscriminatory reason for its decision. *Reeves,* 530 U.S. at 142. If the defendant produces a legitimate reason, any presumption of discrimination raised by the plaintiff's *prima facie* case vanishes. *Septimus,* 399 F.3d at 609. However, the plaintiff may still avoid summary judgment if she demonstrates a genuine issue of material fact as to whether the legitimate reasons proffered by the defendant are not its true reasons, but instead are a pretext for discrimination. *Id.*

**B.     Plaintiff's Termination Claim**

   1.     Has Plaintiff established a *prima facie* case?

As noted, Plaintiff alleges that she was terminated because of her sex, race and age. In order to establish a *prima facie* case of race and sex discrimination on her termination claim, Plaintiff must show that she (1) is a member of a protected class; (2) was qualified for her position; (3) was subjected to an adverse employment action; and (4) was replaced by someone outside the protected

class, or that other similarly situated people were treated more favorably. *Septimus*, 399 F.3d at 609. The elements are essentially the same for an action brought under the ADEA except that with regard to the fourth prong, a plaintiff must show that she was replaced by someone substantially younger or was otherwise discharged because of her age. *O'Connor v. Consolidated Coin Caterers Corp.,* 517 U.S. 308, 313 (1996).

Although Defendant does not dispute that Plaintiff has made out a *prima facie* case of race discrimination, Defendant argues that Plaintiff has failed to establish a *prima facie* case of sex and age discrimination because Plaintiff cannot show that she was replaced by someone outside of the protected class, *i.e.*, a male or an individual younger than 40. Defendant emphasizes that Plaintiff's replacement, Sandra Kennedy, who was hired on January 22, 2005, is a Hispanic female who was 40 years-old at the time she was hired. The Court agrees with Defendant that Plaintiff has failed to demonstrate a *prima facie* case of sex discrimination with regard to her termination claim since she was not replaced by a male. However, the Court disagrees with Defendant's assessment of Plaintiff's age discrimination claim.

As noted above, a plaintiff need not show that she was replaced by someone outside the protected age group (the ADEA protects workers who are 40 and older) to establish a *prima facie* case of age discrimination under the ADEA. *O'Connor,* 517 U.S. at 313. In fact, in *O'Connor,* the Supreme Court reversed the Fourth Circuit's ruling that a 56-year-old employee, who had been fired and replaced by a 40-year-old worker, had failed to make out a *prima facie* case of age discrimination under the ADEA since he had failed to show that he was replaced by someone outside the protected age group (*i.e.*, someone under the age of 40). The Supreme Court held that "the fact that an ADEA plaintiff was replaced by someone outside the protected class is not a proper element of the

7

*McDonnell Douglas* prima facie case." *Id.* at 312.  The Court reasoned that "[b]ecause the ADEA prohibits discrimination on the basis of age and not class membership, the fact that a replacement is *substantially younger* than the plaintiff is a far more reliable indicator of age discrimination than is the fact that the plaintiff was replaced by someone outside the protected class." *Id.* at 313 (emphasis added).  Thus, Plaintiff need not show that she was replaced by someone outside the protected age group to establish a *prima facie* case of age discrimination under the ADEA.  Accordingly, Defendant's argument is without merit.

In *O'Connor*, the Supreme Court noted that the replacement of one worker with another worker "insignificantly younger" does not raise an inference of age discrimination to meet the fourth element of a *prima facie* case of age discrimination.  *Id.*  However, the Supreme Court and the Fifth Circuit have not established a bright-line rule stating what age difference is too small to be considered significant as a matter of law.  *See Rachid v. Jack In The Box*, 376 F.3d 305, 313 (5th Cir. 2004) (noting that whether an age difference of five years is significant is a "close question," but not ultimately reaching the issue).  While it is a close question whether Plaintiff's replacement – who was seven years younger than Plaintiff – was "substantially younger" than Plaintiff, for the purposes of this summary judgment motion the Court will assume that seven years is a substantial enough difference to demonstrate a *prima facie* case of age discrimination.  *See Bienkowski v. American Airlines Co.,* 851 F.2d 1503, 1506 (5th Cir. 1988) (noting that a five year age differential "does not legally preclude the possibility of discrimination against [the plaintiff]" and went on to address the remaining *McDonnell Douglas* factors); *Cannon v. St. Paul Fire and Marine Ins. Co.,* 2005 WL 1107372 at * 4 (N.D. Tex. May 6, 2005) (finding that age difference of seven years is not

8

insubstantial as a matter of law and the court therefore assumed that the plaintiff established a *prima facie* case of age discrimination).

        2.      <u>Defendant's Legitimate Nondiscrimnatory Reason for firing Plaintiff</u>

Because the Court has assumed that Plaintiff has established a *prima facie* case of age and race discrimination, the burden has shifted to the Defendant to produce evidence that Plaintiff was terminated for a legitimate, nondiscriminatory reason. *Reeves*, 530 U.S. at 142. This burden is one of production, not persuasion and it does not involve a credibility assessment. *Id.* Defendant has met this burden by offering admissible evidence sufficient for a trier of fact to conclude that Plaintiff was terminated for insubordination. Defendant has produced summary judgment evidence showing that it terminated Plaintiff because she repeatedly disobeyed her store manager's instructions to check out customers. *See* Marotz Dep. at 105-106, 117-132, at Exh. 2 to Defendant's MSJ. Specifically, Defendant contends that on the busy afternoon of December 23, 2004, Plaintiff's store manager, Barry Marotz, directed Plaintiff to open her register and check out customers. Marotz then turned on Plaintiff's register light, opened the gate in front of her register, directed customers to Plaintiff's line and then walked away to attend to other duties. When Marotz returned to Plaintiff's register a short time later, he discovered that Marotz had turned off her register light, closed the gate and refused to check out the customers as directed. Marotz again instructed Plaintiff to check out customers and proceeded once again to turn on her register light and directed customers to her line. Upon his return a short time later, Marotz discovered that Plaintiff once again had turned out her register light and moved customers out of her line. Marotz informed Plaintiff that as the store manager he was ordering her to check out customers, and that if she turned off her light again, he would send her home. After attending to other matters in the store, Marotz reviewed footage from

9

the store's surveillance camera and discovered that Plaintiff had again turned off her register light as soon as Marotz had walked away. Marotz determined that Plaintiff should be terminated because of "the most flagrant act of insubordination I have ever seen in my professional retail experience in 20 years." Marotz Dep. at 105. After Martoz showed Plaintiff the video footage, he informed her that she was being terminated for insubordination. Defendant has also provided the Court with testimony from the store's Human Resource Manager, Janet Shipman, who testified that Plaintiff's termination was clearly justified in light of the Code of Conduct.[3] Shipman Dep., at p.147, Exh. 3 to Defendant's MSJ. Thus, Defendant has produced a legitimate, nondiscriminatory reason for Plaintiff's termination. *See Aldrup v. Caldera*, 274 F.3d 282, 286 (5th Cir. 2001) ("The failure of a subordinate to follow a direct order of a supervisor is a legitimate nondiscriminatory reason for taking adverse employment action.").

        3.      <u>Has Plaintiff demonstrated pretext or discrimination as a motivating factor?</u>

Because Defendant has produced a legitimate, nondiscriminatory reason for Plaintiff's termination, any presumption of discrimination raised by the Plaintiff's *prima facie* case has vanished. *Septimus*, 399 F.3d at 609. Therefore, the burden of production again shifts to the Plaintiff who must now prove by a preponderance of the evidence that Defendant's legitimate reason for her termination was not its true reason, but was merely a pretext for discrimination. *Reeves*, 530 U.S. at 143. With regard to her ADEA claim, Plaintiff must offer sufficient evidence to create a genuine issue of material fact either (1) that the defendant's reason is not true, but is instead a pretext for discrimination, or (2) that the defendant's reason, while true, is only one of the reasons for its

---

[3]Home Depot's Code of Conduct provides that failure to follow instructions and insubordination are examples of major work rule violations that "will normally result in termination for a first offense." Exh. 8 to Defendant's MSJ at 5-6

conduct, and another motivating factor is the plaintiff's protected characteristic. *Rachid*, 376 F.3d at 312.

In her attempt to show pretext or that age and sex[4] were the real reasons for her termination, Plaintiff states in her Response that she has "provided abundant evidence in her Appendix of Marotz['s] discriminatory statements and abusive treatment reflecting a deep bias against older, female employees, evidenced in the many ways in which Plaintiff was treated differently from comparable younger employees . . ." Specifically, Plaintiff refers to statements by Barry Marotz allegedly overheard by a former Assistant Manager in which Marotz made derogatory comments about women and commented that older employees "are not worth as much, they are old, and can't do as much." Plaintiff's Response at p. 7. Plaintiff also alleges that another female employee submitted an EEOC discrimination claim against Defendant for similar treatment from Marotz.[5]

---

[4] Although Plaintiff's Complaint alleges that her termination was based on age, sex and race, Plaintiff fails to allege in her Response that her termination was in any way motivated by her race. As discussed above, Plaintiff has failed to make out a *prima facie* case of discrimination based on sex. Thus, the discussion of pretext and motivating factors will only focus on whether age played a part in Defendant's decision to terminate Plaintiff.

[5] In Plaintiff's Response, Plaintiff implies that the fact that Defendant was unable to locate the personnel file of Barry Marotz, is spoliation evidence in support of her argument that her termination was a pretext for discrimination. However, spoliation is a doctrine that requires the party invoking it to show that his adversary destroyed or misplaced the evidence in bad faith. *Caparotta v. Entergy Corp.*, 168 F.3d 754, 756 (5th Cir. 1999). In this case, Plaintiff has never moved nor sought a finding from this Court that Defendant deliberately destroyed or misplaced the personnel file of Barry Marotz in bad faith. As there is no evidence of bad faith on the part of the Defendant before the Court, Plaintiff cannot rely on the failure to produce the personnel file as evidence of pretext in this case. *See Baker v. Randstad North America, L.P.*, 2005 WL 2600178 at * 3 (5th Cir. Oct. 13, 2005) (holding that plaintiff could not rely on spoliation doctrine to show pretext where there was no finding that defendant destroyed or misplaced the evidence in bad faith). Thus, Plaintiff's speculative beliefs regarding Marotz' personnel file are insufficient to create a fact issue in this case.

As noted earlier, Plaintiff has failed to provide the Court with any evidence to support the her allegations and thus Plaintiff has failed to support her claims with any competent summary judgment evidence to rebut Defendant's legitimate, nondiscriminatory reason for her termination. *See Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996) (mere conclusory allegations are not competent summary-judgment evidence, and thus are insufficient to defeat a motion for summary judgment); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.) (unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary-judgment evidence), *cert. denied*, 513 U.S. 871 (1994). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992). Plaintiff has failed to identify any evidence in support of her claims.

Even if Plaintiff had provided the Court with competent summary judgment evidence to support her claims, the Court finds that Marotz' comments are insufficient to show that Plaintiff's termination was based on, or motivated in any way by her age. "In order for comments in the workplace to provide sufficient evidence of discrimination, they must be (1) related [to the protected class of persons of which the plaintiff is a member]; (2) proximate in time to the [complained-of adverse employment decision]; (3) made by an individual with authority over the employment decision at issue; and (4) related to the employment decision at issue." *Jenkins v. Methodist Hospitals of Dallas, Inc.*, 478 F.3d 255, 261 (5th Cir.) (internal quotations omitted), *cert. denied*, 128 S.Ct. 181 (2007). Plaintiff cannot show that Marotz' comments were proximate in time to her termination or

were connected in any way to her termination. *Sands v. Wal-Mart Stores, Inc.*, 2007 WL 1589438 at * 4 (N.D. Tex. June 1, 2007) (manager's comment about "old, gray-haired, boot-wearing guys" insufficient to defeat summary judgment).

Defendant points out that even if Plaintiff had demonstrated that her age was a motivating factor in her termination, the burden would shift back to the Defendant to prove that the same adverse employment action would have been made regardless of any discriminatory animus. *Rachid*, 376 F.3d at 312. The Court finds that Defendant has met this burden. Defendant's Code of Conduct specifically provides that insubordination and failure to follow a supervisor's instructions are grounds for immediate dismissal. It is undisputed that Plaintiff repeatedly disobeyed her store manager's instructions to check out customers and was fired that same day. The Court finds that this evidence is sufficient to show that the Defendant would have terminated Plaintiff for flagrant insubordination, regardless of any discriminatory animus. *See Richardson v. Monitronics Intern, Inc.*, 434 F.3d 327, 336 (5th Cir. 2005) (holding that employer met its burden of proving that it would have fired employee despite any discriminatory animus, where its attendance policy specified that four occurrences were cause for termination, and the employee had acquired more than enough absences to justify her termination under the policy).

As Plaintiff has failed to provide the Court with anything more than conclusory allegations in support of her termination claim, and as the Defendant has submitted competent summary judgment evidence refuting Plaintiff's allegations, there is no genuine issue of material fact concerning Plaintiff's claim that she was terminated because of her race, sex, or age and the Defendant is therefore entitled to judgment as a matter of law with regard to this claim.

**C.     Plaintiff's Remaining Claims of Discrimination and Retaliation**

In addition to her termination claim, Plaintiff's Complaint alleges that Defendant denied her transfers, promotions, adequate pay and schedule requests because of her age, race, and gender. Plaintiff's Complaint also purports to assert a retaliation claim under the ADEA. Defendant's Motion for Summary Judgment addresses Plaintiff's failure to promote/transfer, wage discrimination, scheduling and retaliation claims in detail and moves for dismissal of these claims. Defendant argues that Plaintiff has failed to make out a *prima facie* case with respect to any of her remaining claims of discrimination and even if she had, Defendant argues that Plaintiff has failed to rebut Defendant's legitimate, nondiscriminatory reasons for its employment decisions. Regarding her retaliation claim, Defendant argues that Plaintiff has failed to exhaust her administrative remedies with respect to her claim. Notably, Plaintiff's Response to Defendant's Motion for Summary Judgment not only fails to provide the Court with any summary judgment evidence in support of her failure to promote/transfer, wage discrimination, scheduling and retaliation claims, but fails to address any of Defendant's arguments with regard to these claims (Plaintiff has only responded to Defendant's arguments with regard to her termination claim). Accordingly, Plaintiff has failed to come forward with competent summary judgment evidence of the existence of a genuine fact issue as to these claims and the Defendant is therefore entitled to summary judgment with regard to these claims.

**D.     Conclusion**

As discussed above, Plaintiff has failed to some forward with competent summary judgment evidence in support of any of her claims under Title VII of the Civil Rights Act, 42 U.S.C. § 1981, the ADEA, and the TCHRA. Accordingly, the Defendant is entitled to summary judgment with regard to all of Plaintiff's claims in this case.

## IV.  RECOMMENDATION

Based upon the foregoing, the Magistrate Court RECOMMENDS that the District Court GRANT Defendant's Motion for Summary Judgment (Clerk's Docket No. 22) in its entirety.

## V.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this the 3rd day of December, 2007.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE